**F I L E D**

**PUBLISH**

**December 26, 2001**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEE DEIDRE FARMER,

      Plaintiff-Appellee,

v.

WILLIAM PERRILL, Warden;
KEVIN UDIS, Psychologist,

      Defendants-Appellants,

and

A. F. BEELER, Sr. Deputy Assistant
Director of the Health Services
Division; R. ROSE, Deputy Regional
Director; ROBERT L. KRICK,
Psychologist,

      Defendants.

No. 00-1396

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 93-D-1253)**

Kathleen L. Torres, Assistant U.S. Attorney (John W. Suthers, United States
Attorney, Michael E. Hegarty, Assistant U.S. Attorney, with her on the briefs) of
the Office of the United States Attorney, Denver, Colorado, for Defendants-
Appellants.

Antony M. Noble of Denver, Colorado (John S. Pfeiffer, of Castle Rock,
Colorado, with him on the brief) for Plaintiff-Appellee.

Before **KELLY** and **HOLLOWAY** , Circuit Judges, and **SHADUR** , District Judge. [*]

**SHADUR**, District Judge.

Dee Farmer ("Farmer"), [1] a transsexual prison inmate, has sued Warden William Perrill of the Federal Correctional Institution in Englewood, Colorado ("Englewood") and Kevin Udis, a psychologist at Englewood, each in his individual capacity, for $1 million in damages arising out of defendants' failure to provide her with any treatment for transsexualism while she was incarcerated. [2] Defendants now take an interlocutory appeal from the district court's denial of their motions for summary judgment and for reconsideration.  They assert two

[*]      The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

[1]      Although a biological male, Farmer considers herself to be female and uses the feminine pronoun in referring to herself.  In deference to her wishes, this opinion will do the same.

[2]      Although Farmer has named additional defendants, she has not served them and they have not appeared in this action.       Extending judgment to the nonappearing defendants is permissible here because 28 U.S.C. §2676 expressly bars Farmer from pursuing her claims against them as well, as this opinion makes clear (thus both   Smith v. Colorado Dep't of Corr.   , 23 F.3d 339, 340 (10th Cir. 1994) and   McKinney v. Oklahoma Dep't of Human Servs.    , 925 F.2d 363, 365 (10th Cir. 1991) have upheld comparable sua sponte dismissals).

grounds for reversal:  (1) Farmer's claims are barred by 28 U.S.C. §2676, [3] and (2) defendants are entitled to qualified immunity because they did not violate clearly established law.

Because Farmer had earlier sustained an adverse judgment in an action brought by her under the Federal Tort Claims Act ("FTCA") and based on the same alleged conduct, the Bivens claims that are the subject of this appeal are barred by Section 2676.  We therefore need not address the qualified immunity issue, and the orders of the district court are REVERSED under the Section 2676 equivalent of claim preclusion.

## Background

In November 1993 Farmer filed this action under the auspices of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), [4] alleging that numerous prison employees and officials had violated her constitutional rights by failing to provide her with treatment for transsexualism between March and June 1993 while she was incarcerated at Englewood.  **(App.**

---

[3]  All further references to Title 28's provisions will simply take the form "Section--."

[4]  Bivens, id. at 389 recognized a private right of action in favor of victims of constitutional violations committed by federal agents in the performance of their official duties.  Such victims are entitled to recover money damages from the agents in their individual capacities when there is neither a special factor counseling hesitation nor an explicit statutory prohibition nor an exclusive statutory alternative remedy ( id. at 396-97; Van Dinh v. Reno , 197 F.3d 427, 432 (10th Cir. 1999)).

**301-20)**   Defendants filed a motion to dismiss or for summary judgment, asserting among other things a qualified immunity defense.   **(App. 44-47)**   On January 7, 1994 a magistrate judge recommended that summary judgment be denied.   **(App. 226-33)**   Over 5-1/2 years later the district court accepted the recommendation of the magistrate judge and denied defendants' motion, finding that under clearly established law a transsexual is entitled to some form of medical treatment and that a disputed issue of material fact existed as to whether Farmer was actually denied treatment.   **(App. 295-96)**

Meanwhile judgment had just been entered in a separate lawsuit brought by Farmer during the pendency of defendants' summary judgment motion in this action ( Farmer v. United States   , No. 94-D-1220 (D. Colo. July 15, 1999)). Farmer had sued under the FTCA (Sections 1346(b) and 2671-2680)   , seeking damages for the same alleged failure to treat her transsexualism during the same time period in the same correctional facility.   [5] **(Aplt. App. 346-66)**   That action was dismissed with prejudice by the district court on July 15, 1999 for failure to prosecute.   **(Aplt. App. 343-44)**   Defendants then moved for reconsideration of

---

[5]   Section 1346(b)(1) allows claims for monetary damages against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  Section 2674 "makes the United States liable to the same extent as a private person under like circumstances" ( Wark v. United States   , 269 F.3d 1185, 1187 (10th Cir. 2001)).

the order denying their summary judgment motion in this action, invoking Section 2676 and also asking for reconsideration of the denial of qualified immunity. **(Aplt. App. 321-42)**

As to the first of those contentions, Section 2676 precludes a claimant from maintaining any action against an individual federal employee where judgment has already been entered in an action against the United States involving "the same subject matter." As Section 2676 specifies:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

On August 24, 2000 the district court denied defendants' motion for reconsideration on the premise that Farmer's Bivens claims against defendants in their individual capacities were not foreclosed by the dismissal of her related FTCA claim because, in the court's view, the FTCA dismissal barred claims against defendants only in their official capacities. **(App. 397)** Additionally the district court rejected the arguments for reconsideration of the denial of qualified immunity. **(App. 399)** This appeal followed.

Jurisdiction

We have jurisdiction pursuant to Section 1291 and the collateral order doctrine to review the district court's August 24, 2000 order (Johnson v. Jones, 515 U.S. 304, 313, 317 (1995); Benefield v. McDowall, 241 F.3d 1267, 1270 (10 th

5

Cir. 2001); Johnson v. Martin, 195 F.3d 1208, 1213-15 (10th Cir. 1999)).  To be appealable under the collateral order doctrine, a district court decision "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment" ( Coopers & Lybrand v. Livesay , 437 U.S. 463, 468 (1978); Cohen v. Beneficial Indus. Loan Corp. , 337 U.S. 541, 546 (1949)).

We need not decide on which side of the dividing line identified in Johnson v. Jones , 515 U.S. at 313-17 the district court's qualified immunity ruling falls--see, e.g., Medina v. Cram , 252 F.3d 1124, 1130 (10th Cir. 2001).  That is so because all three prongs of the collateral order doctrine are plainly satisfied by the district court's holding that Section 2676 does not bar Farmer's Bivens claim.

First, the Section 2676 ruling is conclusive.  Second, it is both separate from the merits of Farmer's claims and vitally important, for if unreversed it will require defendants to proceed with discovery and trial.  Finally and relatedly, it is effectively unreviewable on appeal.  Section 2676 bars "any action" against federal employees after a judgment in an FTCA case involving "the same subject matter," and as such it confers immunity from further suit rather than just from liability.  It has consistently been held in the qualified immunity context that to require defendants to go through trial effectively destroys the protection to which they are entitled, even if they are later vindicated at trial, by having forced them

6

to endure the costs of litigation and the burdens of the discovery process

(Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Holland v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001)). And that is why the "effective unreviewability" standard is met where pure questions of law, rather than mere factual disputes, are involved ( Johnson v. Jones, 515 U.S. at 317; Benefield, 241 F.3d at 1270). Just so, the identical analysis applies to the current Section 2676 issue. [6]

## Standard of Review

We review de novo a district court's legal conclusions under the FTCA, such as the Section 2676 holding leading to this appeal ( Engle v. Mecke, 24 F.3d 133, 135 (10th Cir. 1994)). Although Farmer argues that an order denying a motion for reconsideration is reviewed for an abuse of discretion (see, e.g., Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1213 (10th Cir. 2001)), even under that standard the district court's Section 2676 holding must be reversed because it was based on an "erroneous conclusion of law" ( Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 538, 542 (10th Cir. 2000)).

## Effect of Section 2676

---

[6] We recognize that our holding is contrary to the pronouncement (made without any discussion or analysis) in Brown v. United States, 851 F.2d 615, 618-19 (3d Cir. 1988) that the question whether Section 2676 bars a claim is effectively reviewable on appeal from final judgment, thus precluding an interlocutory appeal. We respectfully disagree for the reason just stated in the text.

By its terms Section 2676 makes a final judgment on an FTCA claim preclusive against any Bivens action based on the same underlying complaint. As Engle, 24 F.3d at 135 (citations omitted) teaches succinctly:

> When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a Bivens claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA. These are separate and distinct causes of action arising out of the same transaction. A decision to sue the government, however, affects the availability of a Bivens action against the federal officer. Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee...whose act or omission gave rise to the claim."

Here Farmer's FTCA case clearly involved the "same subject matter" as the Bivens claims at issue in this appeal: the alleged failure of the prison officials to provide treatment for transsexualism. Fed. R. Civ. P. ("Rule") 41(b) deals explicitly with the dismissal of that FTCA case for failure to prosecute:

> For failure of the plaintiff to prosecute...a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision...operates as an adjudication upon the merits.

And the district court's order dismissing Farmer's FTCA claim on that ground left no doubt: It expressly stated the dismissal was with prejudice. **(Aplt. App. 343)** Hence the FTCA judgment against Farmer bars her Bivens claims as a matter of law.

Despite the plain language of Section 2676 in that respect, the district court

considered that applying the Section 2676 bar to Farmer's _Bivens_ suit "would lead the Court to deny the Plaintiff her _Bivens_ claims against the Defendants in their individual capacities because the FTCA claims in the related case, judgment of which only bar claims against the Defendants as employees of the United States in their official capacities, were dismissed" (_Farmer v. Perrill_, No. 93-D-1253 (D. Colo. Aug. 24, 2000)). **(Aplt. App. 397)** That rationale is fatally flawed from two perspectives.

First, _Engle_, 24 F.3d at 135 squarely holds that Section 2676 can bar a _Bivens_ action based on the same subject matter as a previous FTCA judgment. It is wholly irrelevant that _Engle_ addressed an FTCA judgment _against_ the United States while Farmer's case involves an FTCA judgment _in favor of_ the United States. Section 2676 makes no distinction between favorable and unfavorable judgments--it simply refers to "[t]he judgment in an action under section 1346(b)." [7]

---

[7] Two other circuits have considered whether Section 2676 bars further suit where the previous FTCA judgment was favorable to the United States (Hoosier Bancorp of Ind., Inc. v. Rasmussen, 90 F.3d 180, 184 (7th Cir. 1996); Gasho v. United States, 39 F.3d 1420, 1437-38 (9th Cir. 1994)). Both those cases held that the plain language of the section was unambiguous in its application to judgments generally and that the legislative history reflected congressional intent to prevent multiple lawsuits as well as multiple recoveries (Hoosier Bancorp, 90 F.3d at 184; Gasho, 39 F.3d at 1437). Today we join in their conclusion that "any FTCA judgment, regardless of its outcome, bars a subsequent Bivens action on the same conduct that was at issue in the prior judgment" (Hoosier Bancorp, 90 F.3d at 185, quoting Gasho, 39 F.3d at 1437 (emphasis in original)).

9

Second, any suggestion that prior FTCA judgments bar Bivens claims against defendants only in their official capacities contradicts the very nature of a Bivens action. There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States (Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989)). Because a Bivens claim may not be brought directly against the United States as such, an "official capacity Bivens suit" would be an oxymoron (FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997)). For that reason as well, the district court's statement does not withstand analysis.

Nothing said here is affected by last Term's opinion of the United States Supreme Court in Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001). Semtek addressed the proper reading of Rules 41(a) and 41(b) in terms of the claim-preclusive effect of a federal court's dismissal with prejudice--amounting to an "adjudication on the merits" under Rule 41(b)--on a later state court action (or its analytical equivalent, a federal diversity action governed by state law under Erie v. Tompkins principles). By contrast, what is posed here is the effect of a prior federal-question judgment of dismissal on a

10

second <u>federal-question case</u>. And on that latter score <u>Semtek</u>, 531 U.S. at 505, 506 (emphasis partly added) confirms:

> The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the defendant from returning later, <u>to the same court</u>, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from <u>other</u> courts, but its primary meaning relates to the dismissing court itself.

> \*     \*     \*

> We think, then, that the effect of the "adjudication upon the merits" default provision of Rule 41(b)--and, presumably, of the explicit order in the present case that used the language of that default provision--is simply that, unlike a dismissal "without prejudice," the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California.

That is precisely what is at issue here (in this instance, barring the filing of the <u>Bivens</u> action--involving the same substantive federal-question claim--in the United States District Court for the District of Colorado). Hence this Court's already-discussed ruling in <u>Engle</u> (like the other Circuits' rulings in <u>Hoosier Bancorp</u> and <u>Gasho</u>) is reinforced rather than in any way vitiated by <u>Semtek</u>.

In sum, the district court's holding that Section 2676 does not preclude Farmer's <u>Bivens</u> claims is plainly incorrect. And that error commands outright reversal.

### Farmer's Contrary Contentions

Farmer advances two arguments as to why Section 2676 should not apply to

11

bar her <u>Bivens</u> claims under the particular circumstances of this case. Neither is persuasive.

First, Farmer contends that the district court made a clerical mistake when, after stating that the magistrate judge's ruling was being affirmed, it dismissed the FTCA claim <u>with</u> prejudice rather than <u>without</u> prejudice as the magistrate judge had recommended. Because a dismissal without prejudice would not be an adjudication on the merits, Farmer maintains that there is no "judgment" for Section 2676 purposes and thus the statutory bar is not called into play. **(Red Brief 12)** But the short answer is that she is attempting to launch an impermissible collateral attack on a final judgment in another case. Farmer cannot thus impose on this court the responsibility that she has failed to tender to the proper court by following either of the prescribed methods for challenging the FTCA with-prejudice dismissal--either a direct appeal or a Rule 60(a) motion for relief from that judgment.

It is of no moment that Farmer seeks to invoke <u>In re U.S. Healthcare, Inc.</u>, 193 F.3d 151, 158 & n.2 (3d Cir. 1999) for the proposition that an appellate court may correct a merely clerical error that occurred at the district court level. Unlike the situation in that case, the present appeal is not taken from the FTCA case judgment that Farmer deems erroneous. Moreover, <u>U.S. Healthcare</u> involved an acknowledged clerical error, while by contrast the district court in Farmer's

<u>Bivens</u> case confirmed the accuracy of the with-prejudice characterization in his later August 23, 2000 order denying defendants' motion for reconsideration, in which the court stated that the FTCA dismissal was an adjudication on the merits under Rule 41(b). **(Aplt. App. 396)** Because Rule 60(a) may not be used even "to correct something that was done deliberately but later discovered to be wrong" (<u>In re Craddock</u>, 149 F.3d 1249, 1254 n.4 (10th Cir. 1998)), Farmer's first argument would fail even if the district court had been wrong in so ruling (as we do not decide).

Second, Farmer asserts that even if the dismissal with prejudice was indeed intentional, precedent does not dictate that Section 2676 bars her <u>Bivens</u> action. But as already discussed, <u>Engle</u>, 24 F.3d at 134-35 clearly holds that an FTCA judgment bars <u>Bivens</u> actions arising out of the same subject matter. Because Section 2676 does not distinguish among types of judgments, it is irrelevant that Farmer's FTCA judgment involved a dismissal for failure to prosecute while the FTCA judgment in <u>Engle</u> was a damages award after a bench trial. Farmer's lack-of-precedent argument misapprehends the unambiguous terms of <u>Engle</u> and Section 2676, and it too is patently unpersuasive.

Conclusion

Because Section 2676 operates to bar Farmer's <u>Bivens</u> claims, the orders of the district court denying defendants' motions for summary judgment and for

13

reconsideration are REVERSED. We direct the district court to enter a final judgment in defendants' favor dismissing this action.