**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID R. WINTERS-EL,

     Plaintiff - Appellant,

v.

KATHLEEN HAWK SAWYER,
Director of Bureau of Prisons;
MICHAEL PUGH, Warden, ADX,
Florence, CO,

     Defendants - Appellees.

No. 01-1537
(D.C. No. 99-S-1356)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, appellant's motion requesting oral argument is **denied** and the case

is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, David Winters-El appeals the district court's dismissal of the civil rights complaint he brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Winters-El complains that Defendants have violated his Eighth Amendment rights by refusing to replace certain light fixtures in the prison thereby deliberately exposing him to risk of serious harm, deliberately exposing him to the Hepatitis C virus, and denying him appropriate medical treatment. Winters-El also alleges that Defendants retaliated against him by destroying his personal property, placing him in the Special Housing Unit, and contaminating his food. Winters-El seeks both injunctive relief and monetary damages.

After defendant Pugh filed a motion to dismiss the claims asserted against him, Winters-El filed an amended complaint. Thereafter, both Defendants filed a motion to dismiss all of Winters-El's claims against them. Winters-El filed a motion for summary judgment. The matter was referred to a federal magistrate judge who prepared a written recommendation concluding that all of Winters-El's claims should be dismissed. After considering Winters-El's written objections, the district court adopted the magistrate's recommendation and dismissed Winters-El's complaint. Winters-El's motion for summary judgment was denied and all other outstanding motions were denied as moot. Winters-El brought this appeal.

The district court dismissed the claims asserted against Defendants in their official capacities because such claims are barred by the doctrine of sovereign immunity. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."). The claims against defendant Hawk-Sawyer were dismissed for lack of personal jurisdiction. The district court then reviewed the claims asserted against defendant Pugh in his individual capacity. The court concluded that the facts alleged by Winters-El to support his light-fixture claim did not show that he is incarcerated under conditions posing a serious risk of harm to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). With respect to the claims arising from his contraction of and treatment for Hepatitis C, the court concluded that Winters-El had failed to allege specific facts demonstrating that Defendants had personally participated in the alleged unconstitutional acts. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) ("The plaintiff must show the defendant personally participated in the alleged violation."). Finally, the court concluded that Winters-El's retaliation claim was based on speculation and conjecture and was not supported by "specific facts showing retaliation because of the exercise of [his] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

We have reviewed the record, the appellate briefs, and the applicable law and conclude that the district court lacked jurisdiction to consider Winters-El's Eighth Amendment claim that Defendants deliberately exposed him to the Hepatitis C virus. That claim should have been dismissed without prejudice based on the district court's finding that Winters-El failed to exhaust his administrative remedies. *See Booth v. Churner*, 531 U.S. 731, 741 (2001). Accordingly, we **remand** that claim with instructions to the district court to vacate that portion of its order dismissing the claim and to enter an order dismissing the claim without prejudice. The district court's dismissal of all other claims raised in Winters-El's complaint and its denial of all other outstanding matters is **affirmed** for substantially the reasons stated by the district court. Winters-El is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-