**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SCOTT TYLER SMITH,

     Plaintiff-Appellant,

v.

DR. D. K. THARP; DR. B.
SERRANO; DR. ROBERT C.
WILLIAMS; DR. GEORGE
KLINKERFUSS; E.J. GALLEGOS;
CHRIS LAMB; DR. MARK
PEARSON; JOYCE ANDERSON;
DEBBIE DUNN; M. AZUMAH; R.T.
HOLT; JOEL KNOWLES; TERRY
FINNEGAN; DAVID REITER;
VICTOR BOUDET; VALENTINE
HERNANDEZ; CELESTINO
GARCIA; VIRGLILO CAMAGRY;
MARK SMITH; RUSTY LANG; DR.
HARE; R. KOHANE,

     Defendants-Appellees.

No. 03-1293
(D.C. No. 02-M-1499 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

Scott Tyler Smith, proceeding pro se, appeals from an order of the district court dismissing his claims of deliberate indifference to serious medical needs, which he brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics , 403 U.S. 388 (1971) . We **AFFIRM** the dismissal.

In 1995, Smith suffered a head injury as the result of a fall at his federal prison industry job. Prison medical personnel treated him immediately following the injury and continued to see him due to ongoing problems allegedly arising from the injury. Several months after the injury, Smith began to experience seizures and apparently suffered several strokes. Because of his continuing health problems, he was transferred to the Medical Center for Federal Prisoners at Springfield, Missouri. He was transferred back to his original facility approximately four years later.

In 2002, Smith commenced this action against twenty-two defendants. His complaint alleged that defendants had violated his constitutional rights in the following ways: (1) that defendants did not properly treat Smith's medical problems at the time of the injury; (2) that they misdiagnosed him as they initially concluded that he was suffering from multiple sclerosis; (3) that it took several years before defendants determined he had sustained several strokes, resulting in

some paralysis of the right side; and (4) that upon Smith's return from Springfield, defendants failed to provide the physical therapy or medications ordered by the specialists.  Smith sought an injunction ordering defendants to provide him with adequate medical care or, in the alternative, to release him from prison so he could seek his own medical care.

Having ascertained that Smith failed to allege any personal participation on the part of eighteen of the twenty-two defendants, the district court dismissed those eighteen defendants.  It later dismissed the action against Drs. Williams and Klinkerfuss because they had not been served. [1]  Finally, it dismissed Drs. Tharp and Serrano from the suit because Smith had not exhausted his administrative remedies against them, and because he had not shown that they were personally responsible for any of the acts of which he complained.  The district court also found that it could not construe the complaint as one brought against the Bureau of Prisons (BOP) for injunctive relief because Smith had not exhausted his administrative remedies against the BOP.  On appeal, Smith contends that he both exhausted his administrative remedies and stated a valid Eighth Amendment claim.

---

[1]    Appellees state that Dr.   Williams has passed away and Dr. Klinkerfuss is no longer employed by the Bureau of Prisons.  Therefore, service was not effectuated upon them when the remaining     defendants , current employees of the Bureau of Prisons, were served.

We review de novo an order dismissing a prisoner's § 1983 complaint for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). [2] See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "[E]xhaustion in cases covered by § 1997e(a) is now mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all prisoners seeking redress for prison circumstances or occurrences," id. at 520.

In order to exhaust his administrative claims, a federal prisoner must "seek formal review of an issue which relates to any aspect of" his imprisonment. 28 C.F.R. § 542.10. First, the inmate must submit his complaint, using a Form BP-9, to the prison staff. Id. § 542.14. If he is dissatisfied with the response at that level, he must appeal to the Regional Director of the Bureau of Prisons, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the General Counsel, using Form BP-11. Id.

Smith attached copies of his three administrative claims to the complaint he filed in district court. In BP-9, he alleged only that his current physical and mental condition were the result of deliberate medical indifference and incompetence by unnamed medical personnel in returning him to the prison in

---

[2]     Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Florence. R. doc. 1, exhibits. In his BP-10, he complained that he had not seen a neurologist since his return to Florence. Id. In his BP-11, he complained that he had not received adequate medical care or physical therapy since his return despite his request to see a neurologist. Id.

The district court found that Smith failed to exhaust his administrative remedies. We disagree. In fact, the parties responding to Smith's administrative complaints specifically addressed the claims he raised in his complaint against Drs. Tharp and Serrano. See R. doc. 6 exhibits (noting that "telemedicine" conferences were held at which it was determined that Smith did not need physical therapy, that he had been evaluated by the staff physician, and that he was being monitored in the chronic care clinic). In his complaint in district court, moreover, Smith alleged that Drs. Tharp and Serrano had refused to treat him for his stroke and had refused to provide him with physical therapy. See id. doc. 12 at 6. Accordingly, we conclude that Smith exhausted his administrative remedies as to Drs. Tharp and Serrano.

Despite his exhaustion of administrative remedies, Smith's claims ultimately fail because he brought them against Drs. Tharp and Serrano only in their official capacities and seeking only injunctive relief. It has been previously established that a Bivens claim cannot be brought against individual defendants in their official capacities. Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001)

("There is no such animal as a <u>Bivens</u> suit against a public official tortfeasor in his or her official capacity."). Further, Drs. Tharp and Serrano cannot provide the injunctive relief sought by Smith.

Finally, on the merits, Smith has failed to state an Eighth Amendment claim. At best, Smith has alleged only a disagreement with medical personnel as to the care he is receiving. Such allegations are not up to the standards that we have previously required to make out a claim of deliberate indifference to serious medical needs. <u>See, e.g.</u>, <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980) (concluding that a prisoner's disagreement with medical personnel about the care administered is insufficient to make out a claim of deliberate indifference to serious medical needs).

For the foregoing reasons, we **AFFIRM** the judgment of the district court. We **GRANT** Smith's motion to proceed in forma pauperis on appeal and remind him of his obligation to make partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b) until the entire fee is paid. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-6-