**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 10, 2006**

**FOR THE TENTH CIRCUIT**

JUNIOR CLAYTON MENTEER,

Plaintiff-Appellant,

v.

APPLEBEE, Lieutenant of the Guard
Force; DR. BOWLIN; FREDERICK
LAURENCE, Warden; HELEN
(LNU), Lieutenant; (FNU) (LNU),
Laundry Lady; UNITED STATES
MARSHAL, for District of Kansas;
UNITED STATES OF AMERICA;
UNITED STATES ATTORNEY
GENERAL; CORRECTIONS
CORPORATION OF AMERICA,

Defendants-Appellees.

No. 05-3052
(D.C. No. 04-CV-3054-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff Junior Clayton Menteer, appearing pro se, appeals from the district court's memorandum and order granting defendants' motions to dismiss. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

Mr. Menteer is a federal prisoner who, at the time relevant to the facts underlying this case, was incarcerated in the Leavenworth Detention Center, a private prison run by defendant Corrections Corporation of America (CCA) pursuant to a contract with the United States Marshals Service. He alleged that, after he slipped on a wet floor and sprained his ankle, he was given only an ace bandage. He also alleged that, in a later incident, CCA employees denied his requests for new shoes and, as a result, he tripped on a loose flap hanging from his worn pair, fell down the stairs, and fractured his ankle and finger. He further alleged that CCA medical personnel provided inadequate treatment for this injury, including delay in treating the injury appropriately and denying his requests for pain medication both before and after surgery on his ankle.

In his complaint, Mr. Menteer asserted a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his Fifth Amendment right to due process and his Eighth Amendment right to be free of cruel and unusual punishment. He also brought a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), and a breach of contract claim pursuant to the Tucker Act, 28 U.S.C.

§ 1346(a)(2), that was based on a third-party beneficiary theory. Each claim was directed at all defendants, and he sought $3 million in damages. The United States, the United States Marshal for the District of Kansas, and the United States Attorney General (together, Federal Defendants) filed a motion to dismiss or, in the alternative, for summary judgment. The remaining defendants (CCA Defendants) filed a motion to dismiss. Both motions to dismiss relied on Fed. R. Civ. P. 12(b)(1) and (6). The district court granted both motions to dismiss and dismissed the complaint. This appeal followed.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Mr. Menteer appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).[1]

---

[1] Mr. Menteer's form brief on appeal is completely blank. Thus, he failed to identify any issues for appeal or provide any argument. We caution Mr. Menteer that such deficiencies ordinarily result in waiver. *See, e.g., United States v. Clingman*, 288 F.3d 1183, 1187 (10th Cir. 2002). Nevertheless, we will exercise our discretion to review the district court's rulings. *Cf. Murrell v. Shalala*, 43 F.3d 1388, 1389-90 & n.2 (10th Cir. 1994) (summarily considering, in the alternative, the merits of an issue not challenged and otherwise deemed waived).

The district court dismissed the breach of contract claim against the Federal Defendants for lack of subject matter jurisdiction pursuant to the Tucker Act, which provides for exclusive jurisdiction in the Court of Federal Claims for breach of contract claims seeking in excess of $10,000, *see* 28 U.S.C. §§ 1346(a)(2), 1491. The court dismissed the breach of contract claim as to the CCA Defendants because Mr. Menteer had alleged no jurisdictional basis other than the Tucker Act, which only authorizes jurisdiction over breach of contract claims brought against the United States, *see id.* § 1346(a)(2). We agree with these rulings and affirm them for substantially the same reasons as set forth in the district court's memorandum and order.

The district court dismissed the FTCA claim as to all defendants except the United States because "[t]he United States is the only proper defendant in an FTCA action[,]" *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). The district court then dismissed the FTCA claim as to the United States under the independent contractor exception set forth in *Logue v. United States*, 412 U.S. 521 (1973). In *Logue*, the Supreme Court held that an FTCA claim could not be maintained against the United States for the acts of a prison contractor where the contract "clearly contemplated that the day-to-day operations of the contractor's facilities were to be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to do a good job," *id.* at 529, and where the government did not supervise the contractor's

-4-

daily operations, *id.* at 530.  Perceiving no error, we affirm the district court's

rulings on the FTCA claim for substantially the same reasons as set forth in the

court's memorandum and order.

In its analysis of the *Bivens* claim, the district court granted the Federal

Defendants' motion to dismiss as to the United States for lack of subject matter

jurisdiction based on sovereign immunity, *see Farmer v. Perrill*, 275 F.3d 958,

963 (10th Cir. 2001).  For the same reason, the district court dismissed the *Bivens*

claim as to the U.S. Attorney General and the U.S. Marshal in their official

capacities, *see id.*  The district court also dismissed the *Bivens* claim against the

U.S. Attorney General and the U.S. Marshal in their individual capacities for

failure to allege personal participation or actual knowledge and acquiescence, *see*

*Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992).  For

substantially the same reasons as set forth in the district court's memorandum and

order, we affirm these rulings.

As to the corporate entity, CCA, the district court dismissed the *Bivens*

claim pursuant to *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001).

In *Malesko*, the Supreme Court declined to infer a constitutional tort remedy

against a private corporation.  *Id.* at 70-71.  We therefore affirm this ruling for

substantially the same reasons as set forth in the district court's memorandum and

order.

The court next extended the reasoning of *Malesko* to the individual CCA

defendants:

> When an employee of a private corporation has allegedly violated an individual's constitutional right and an alternative remedy is available, a <u>Bivens</u> action cannot be maintained.  <u>See</u> <u>Peoples v. CCA Detention Center[s]</u>, [No. 03-3129-KHV,] 2004 WL 74317 (D. Kan. Jan. 15, 2004).  In this case, plaintiff could pursue a negligence claim in state court and, in so doing, have a lesser standard to meet than the heightened "deliberate indifference" standard of the Eighth Amendment.  Since plaintiff has alternative state remedies available, the <u>Bivens</u> claim against the [individual CCA] defendants is dismissed.

R., Doc. 30 at 7.

The district court's reliance on the *Peoples* case cited in the foregoing

passage (*Peoples I*) indicates that the basis for the dismissal of the *Bivens* claim

as to the individual CCA defendants was lack of subject matter jurisdiction.  *See*

*Peoples I*, 2004 WL 74317, at *7 (dismissing such a claim for lack of subject

matter jurisdiction).  This disposition, however, was improper.  After the district

court's decision, a panel of this court reversed *Peoples I*, clarifying that the

appropriate basis for dismissing a *Bivens* claim is failure to state a claim upon

which relief can be granted, not lack of subject matter jurisdiction.  *See Peoples*

*v. CCA Det. Ctrs.*, 422 F.3d 1090, 1096 (10th Cir. 2005) (*Peoples III*), *vacated in*

*part on other grounds by Peoples v. CCA Det. Ctrs.*, 449 F.3d 1097, 1099

(10th Cir. 2006) (en banc) (per curiam) (*Peoples IV*).  The panel noted that

"jurisdiction is not defeated if the complaint could have stated a cause of action

-6-

for violation of state law." *Peoples III*, 422 F.3d at 1096 n.3 (citing *Bell v. Hood*, 327 U.S. 678, 680 (1946)). The en banc court in *Peoples IV* affirmed this portion of *Peoples III*, and reversed and remanded *Peoples I* for further proceedings. *See Peoples IV*, 449 F.3d at 1099. Likewise here, we reverse the district court's dismissal of the *Bivens* claim against the individual CCA employees for lack of subject matter jurisdiction and remand the matter for further proceedings on this single claim.

The judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings consistent with this order and judgment. Mr. Menteer's application to proceed in forma pauperis is **GRANTED**, and we remind him of his obligation to make partial payments until the entire fee has been paid, *see* 28 U.S.C. § 1915(b).

Entered for the Court

Michael R. Murphy
Circuit Judge