**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY D. CROSBY,

      Plaintiff-Appellant,

v.

LT. MARTIN; FNU JOHNSON; FNU
FULLER; FNU LNU; JOHN
SCHILLINGS; KEN DAUGHTERY,

      Defendants-Appellees.

No. 12-3163

(D.C. No. 5:09-CV-03179-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Gregory D. Crosby, a federal prisoner appearing pro se, appeals the dismissal of his complaint asserting a claim for damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his constitutional rights while being held in federal prison. Crosby brought suit against employees of Leavenworth Detention Center, a private prison operated by the Corrections Corporation of America (CCA), in their individual and official capacities, for excessive force and denial of medical care in violation of his Eighth Amendment rights. R. at 4, 9. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

In his complaint, Crosby alleges that he was taken into a strip cell, ordered to strip, and sprayed with chemicals for no reason. R. at 7. He was then left in the cell with the food slot closed for three to five minutes. All of which resulted in his having trouble breathing. Id. at 8. Crosby complained that the chemicals burned his skin and requested medical attention, but was told to wash off in the shower. Id. After his request, a nurse responded by telling him to wash his body, but she did not conduct a medical assessment. Id. Crosby alleged that he did not receive adequate medical attention in response to his request. Crosby further alleged that he was returned to the strip cell for seven days during which he was only fed "finger food" and was also denied adequate medical care and water. Id.

2

II.

Shortly after Crosby filed his complaint, the district court granted Crosby in forma pauperis status and ordered him to show cause why the complaint should not be dismissed for failure to state a claim. R. at 14-15. Crosby filed a response to the order to show cause. To the extent that Crosby asserted a <u>Bivens</u> claim against the defendants in their official capacities, the district court concluded that the complaint was subject to dismissal. <u>Id.</u> at 15. To the extent Crosby asserted a <u>Bivens</u> claim against the defendants in their individual capacities, the district court concluded that dismissal was warranted because <u>Bivens</u> has not been extended to reach the conduct of private-corporation employees when alternative state causes of action are available. <u>Id.</u> at 14-15. In response to the district court's order, Crosby emphasized that he was subjected to cruel and unusual punishment and denied medical care, but he did not address the points of concern raised by the district court. <u>Id.</u> at 18-21. Accordingly, the district court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). <u>Id.</u> at 32-34.

III.

We review de novo a district court's § 1915(e)(2) dismissal of a complaint for failure to state a claim, accepting the allegations as true and viewing them in the light most favorable to the plaintiff. <u>See</u> <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Crosby filed his complaint pro se, we construe his pleadings liberally. <u>See</u> <u>Bear v. Patton</u>, 451 F.3d 639, 641 (10th Cir. 2006).

3

IV.

This court has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a <u>Bivens</u> cause of action need not be implied." <u>Peoples v. CCA Det. Ctrs.</u>, 422 F.3d 1090, 1102 (10th Cir. 2005). This statement was recently reaffirmed by the Supreme Court in <u>Minneci v. Pollard</u>, 132 S. Ct. 617 (2012), which held that

> where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a <u>Bivens</u> remedy in such a case.

<u>Id.</u> at 626.

<u>Minneci</u>, as well as our own ruling in <u>Peoples</u>, are controlling here. As the basis for his <u>Bivens</u> claim, Crosby alleges conduct that would typically fall within a state-law negligence claim. <u>Id.</u> at 625 ("State-law remedies and a potential <u>Bivens</u> remedy need not be perfectly congruent."); <u>Schmidt v. HTG, Inc.</u>, 961 P.2d 677, 693 (Kan. 1998) ("'To recover for negligence, the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered. Whether a duty exists is a question of law. Whether the duty has been breached is a question of fact.'" (quoting <u>Honeycutt v. City of Wichita</u>, 836 P.2d 1128, 1136 (Kan. 1992)). Because Crosby has an

4

alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a <u>Bivens</u> action against the defendants in their individual capacities.

We also agree with the district court's conclusion that Crosby is barred by sovereign immunity from asserting a <u>Bivens</u> action against the defendants in their official capacities. <u>See</u> <u>Farmer v. Perrill</u>, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a <u>Bivens</u> action. There is no such animal as a <u>Bivens</u> suit against a public official tortfeasor in his or her official capacity").

Finally, to the extent that Crosby seeks to fashion a claim under 42 U.S.C. § 1983, we agree with the district court that he has not sufficiently alleged that state action resulted in the violation of his constitutional rights. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Accordingly, we affirm the district court's dismissal of Crosby's complaint for failure to state a claim.

Entered for the Court


Mary Beck Briscoe
Chief Judge

5