**UNITED STATES COURT OF APPEALS**

**August 10, 2016**

**TENTH CIRCUIT**

RODOLFO MARTINEZ,

      Plaintiff - Appellant,

v.

KRISTINE A. AULEPP; DAVID
CAMPBELL,

      Defendants - Appellees.

No. 16-3079
(D.C. No. 14-CV-03040-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

Plaintiff-Appellant Rodolfo Martinez, a federal inmate appearing pro se,

appeals from the district court's denial of his motion to file an amended complaint

and motion to alter or amend a judgment. Exercising jurisdiction pursuant to 28

U.S.C. § 1291, we affirm.

Mr. Martinez filed suit against Dr. Kristine A. Aulepp and David Campbell,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment, i.e. deliberate indifference to his serious medical needs. Briefly, Mr. Martinez complains that defendants have failed to treat and surgically remove a lipoma on the back of his neck, cancelling a previous surgical consult. The district court granted summary judgment to defendants. Martinez v. Aulepp, No. 14-3040-CM, 2016 WL 164297 (D. Kan. Jan. 13, 2016). Mr. Martinez then filed a motion for leave to file an amended complaint and motion to set aside, vacate, or reconsider. Because his motion was filed within the time limits of Fed. R. Civ. P. 59(e), the district court treated it as a motion to alter or amend. The court denied both motions and Mr. Martinez appeals. Martinez v. Aulepp, No. 14-3040-CM (D. Kan. Mar. 16, 2016).

We review a district court's denial of a motion for leave to amend for abuse of discretion. Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994). For substantially the reasons set forth by the district court, we affirm its denial of Mr. Martinez's motion for leave to file an amended complaint.

We also review a district court's ruling on a Rule 59(e) motion for abuse of discretion. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). We will not disturb the district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. A district court may alter or amend a judgment when there is (1) a change in the law, (2) new evidence

previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Martinez presented no new evidence or change in the law. Nor did the district court commit a clear error in judgment by holding that Mr. Martinez failed to show manifest injustice. To the extent that Mr. Martinez attempts to sue defendants in their official capacities, the claim is actually a claim against the United States and is barred by sovereign immunity. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 410 (1971); Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001). Further, Defendant Campbell, as an employee of the Public Health Service, is absolutely immune for any actions committed while acting in the scope of his employment. Hui v. Castaneda, 559 U.S. 799, 806 (2010).

Finally, because Dr. Aulepp raised the defense of qualified immunity, Mr. Martinez had to demonstrate that (1) her actions violated a constitutional or statutory right and (2) that right was clearly established. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A claim for deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment contains both subjective and objective components. Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). The objective component requires Mr. Martinez to show that his medical need is sufficiently serious—one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Ramos v.

Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). To satisfy the subjective component, Mr. Martinez must demonstrate that Dr. Aulepp "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)). It would be sufficient if Mr. Martinez could show that Dr. Aulepp "acted or failed to act despite [her] knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842. A fact-finder may infer knowledge of a substantial risk if such a risk was obvious. Id. In granting summary judgment, the district court concluded that Mr. Martinez could not meet either the objective or subjective requirements. Its denial of the motion to alter or amend judgment was not an abuse of discretion.

Even if Mr. Martinez had shown that his medical condition was sufficiently serious, he has alleged no facts that would allow a fact-finder to conclude that Dr. Aulepp knew Mr. Martinez faced a substantial risk of harm and disregarded that risk. The record suggests continued follow up, despite disagreement with Mr. Martinez over his preferred course of treatment. Because Mr. Martinez failed to demonstrate a deprivation of a constitutional right, qualified immunity protected Dr. Aulepp.

AFFIRMED.  We GRANT Mr. Martinez's motion to proceed IFP and remind him that he must continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge