**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

GENERAL STEEL DOMESTIC
SALES, L.L.C., d/b/a General Steel
Corporation, a Colorado limited
liability company,

      Plaintiff - Appellee,

v.

      No. 15-1293

ETHAN DANIEL CHUMLEY,
individually; ATLANTIC BUILDING
SYSTEMS, L.L.C., a Delaware
corporation, d/b/a ARMSTRONG
STEEL CORPORATION,

      Defendants - Appellants.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:14-CV-01932-REB-CBS)**

David S. Gingras of Gingras Law Office, Phoenix, Arizona (Craig R. May and
Kenneth E. Stalzer of Wheeler, Trigg, O'Donnell, L.L.P., with him on the briefs,
Denver, Colorado), for Defendants - Appellants.

David S. Fein (Patrick D. Frye, with him on the brief) of Building Services
Group, L.L.C., Littleton, Colorado, for Plaintiff - Appellee.

Before **KELLY**, **McKAY**, and **McHUGH**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendants-Appellants Atlantic Building Systems, LLC d/b/a Armstrong Steel Corporation and its CEO, Ethan Chumley (collectively, "Armstrong Steel"), appeal from the district court's denial of immunity under the Communications Decency Act ("CDA"). Gen. Steel Domestic Sales, Inc. v. Chumley, No. 14-cv-01932-REB-CBS, 2015 WL 4911585, at *5–9 (D. Colo. Aug. 18, 2015). We dismiss this appeal for lack of jurisdiction. We conclude that the CDA provides immunity from liability, not suit, and the district court's order does not qualify under the collateral order doctrine.

## Background

This case involves a dispute between two competing prefabricated steel building companies in Colorado. General Steel employed Mr. Chumley until 2005, when he left to start his own competing steel building company, Armstrong Steel. The parties have been engaged in numerous legal disputes ever since.

The underlying dispute involves Armstrong Steel's negative online advertising campaign against General Steel. When internet users searched for "General Steel," negative advertisements from Armstrong Steel would appear on the results page. 1 Aplt. App. 28–29. Clicking on the advertisements would direct users to Armstrong Steel's web page entitled, "Industry Related Legal Matters" ("IRLM Page").

The IRLM Page contained thirty-seven posts, twenty[1] of which form the basis of General Steel's complaint. 3 Aplt. App. 387–488. To varying degrees, the twenty posts summarize, quote, and reference lawsuits involving General Steel. Each lawsuit is listed with a title, a brief description of the case, and a link, by which the reader could access the accompanying court document. The majority of the case descriptions contained quotes that were selectively copied and pasted from the underlying legal documents.

General Steel brought four claims: (1) unfair competition and unfair trade practices under the Lanham Act, (2) libel and libel per se, (3) intentional interference with prospective business advantage, and (4) civil conspiracy. Armstrong Steel sought summary judgment, claiming immunity from suit and liability under Section 230 of the CDA.

The district court found that Armstrong Steel was entitled to immunity for three posts because those posts simply contained links to content created by third parties. The court refused, however, to extend CDA immunity to the remaining seventeen posts and the internet search ads. The court found that the "defendants created and developed the content of those ads," and were therefore not entitled to immunity. Gen. Steel, 2015 WL 4911585, at *7. With respect to the remaining seventeen posts, the court found that the defendants developed the content by

_____

[1]The posts that General Steel asserts are improper are posts 1, 5, 6, 9, 11, 13, 14, 17, 20, 22, 23, 25, 26, 27, 29, 32, 33, 35, 36, and 37.

selectively quoting and summarizing court documents in a deceiving way.  Id. at *8.  It also held that the CDA's immunity provision does not apply to the Lanham Act.  Id. at *9.  Armstrong Steel appeals from the denial of immunity and claims appellate jurisdiction under the collateral order doctrine.

## Discussion

This court has jurisdiction over "final decisions" made by district courts. 28 U.S.C. § 1291.  Under the collateral order doctrine, we may exercise jurisdiction over non-final decisions if the appellant shows that the district court's order "[1] conclusively determine[d] the disputed question, [2] resolve[d] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment."  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (internal quotations omitted).  See generally Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).  Thus, we lack jurisdiction over non-final orders unless these three requirements are met.  United States v. Copar Pumice Co., 714 F.3d 1197, 1204 (10th Cir. 2013).  Because we find that Armstrong Steel cannot meet the third factor, it is unnecessary to address the first two.  See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375 (1987).

We apply the collateral order doctrine narrowly so as not to undercut the final-judgment rule.  Dig. Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868

(1994).  The requirements for collateral-order appeal are stringent.  Id.  Although the Supreme Court "has been asked many times to expand the 'small class' of collaterally appealable orders, [it has] instead kept it narrow and selective in its membership."  Will v. Hallock, 546 U.S. 345, 350 (2006).  Indeed, this court has recognized the Supreme Court's "increasingly emphatic instructions that the class of cases capable of satisfying this 'stringent' test should be understood as 'small,' 'modest,' and 'narrow.'"  United States v. Wampler, 624 F.3d 1330, 1334 (10th Cir. 2010) (quoting Dig. Equip. Corp., 511 U.S. at 868, 878; Will, 546 U.S. at 350).

Armstrong Steel argues that Section 230 of the CDA bars not just liability, but also suit.  Aplt. Br. at 55–58.  A district court order denying immunity from suit is effectively unreviewable because immunity from suit "is effectively lost if a case is erroneously permitted to go to trial."  Mitchell v.  Forsyth, 472 U.S. 511, 526 (1985).  Thus, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991).  If, however, Section 230 of the CDA only protects against liability, then we lack jurisdiction because a district court order denying liability is certainly reviewable on appeal.  See Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 500 (1989).  For the following reasons, we conclude that Section 230 of the CDA provides immunity only from liability, not suit.

Congress passed the CDA to "protect children from sexually explicit

- 5 -

internet content." FTC v. LeadClick Media, LLC, No. 15-1009-cv, 2016 WL 5338081, at *11 (2d Cir. Sept. 23, 2016). Congress later added Section 230 because it "recognized the threat that tort-based lawsuits pose to freedom of speech in the new and burgeoning Internet medium." Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997). It is the policy of the United States "to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." 47 U.S.C. § 230(b)(2). The immunity provision of Section 230 states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).

Whether Section 230 provides immunity from suit or liability such that a denial would permit an interlocutory appeal is an issue of first impression for this court.[2] To find that the CDA bars suit, the CDA must contain "an explicit statutory or constitutional guarantee that trial will not occur." Midland Asphalt Corp. v. United States, 489 U.S. 794, 801 (1989); Decker v. IHC Hosps., Inc., 982 F.2d 433 (10th Cir. 1992) (dismissing appeal because the statutes did not expressly provide protection from suit). The CDA does not contain such

---

[2] Our description of the CDA as providing immunity from suit in our case of Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 983 (10th Cir. 2000), did not resolve this question, as this issue was not before us in that case.

language.

Armstrong Steel argues that 47 U.S.C. § 230(e)(3) contains plain language barring suit, not just liability. Aplt. Br. at 56. Section 230(e)(3) states: "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Armstrong Steel asserts that the phrase "[n]o cause of action may be brought," id., indicates that CDA immunity bars suit. Aplt. Br. at 56. However, reading the text in its entirety reveals that 47 U.S.C. § 230(e)(3) is merely a preemption provision. That Congress added § 230(e)(3) to the CDA later is of no moment because the provision does not contain an explicit bar to suit.

Armstrong Steel also argues that we should construe Section 230 as a bar against suit because doing so would fulfill Congress's intent. Aplt. Reply Br. at 6. But the best indicator of intent is the statutory language. When deciding whether a class of people qualify for immunity from suit, we look for that intent to be expressed in an explicit statutory or constitutional guarantee of immunity. See Szehinskyj v. Attorney Gen., 432 F.3d 253, 256 (3d Cir. 2005) ("The law is what Congress enacts, not what its members say on the floor.").

Furthermore, we are hesitant to extend immunity from suit to a private party without a statutory basis. Immunity from suit is a benefit typically only

reserved for governmental officials.  Wyatt v. Cole, 504 U.S. 158, 167 (1992) (qualified immunity); see Farmer v. Perrill, 275 F.3d 958, 961 (10th Cir. 2001) (limited waiver of immunity under Federal Tort Claims Act).  There are three instances when courts may extend qualified immunity to private parties.  First, if the private parties are "closely supervised by the government." Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc., 413 F.3d 1163, 1167 (10th Cir. 2005); see also DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 722 (10th Cir. 1988).  Second, if there is a historical basis for providing immunity to that type of private entity.  Richardson v. McKnight, 521 U.S. 399, 404 (1997).  Third, if extending immunity implicates "special policy concerns involved in suing government officials."  Wyatt, 504 U.S. at 167.  We need not delve into this analysis because this suit in no way involves the government, and Armstrong Steel has not identified a historical basis for providing private parties immunity from suit under the CDA.

Given that Section 230 does not contain the grant of immunity from suit contended for, it is unnecessary to discuss its applicability to the Lanham Act false advertising claims.

APPEAL DISMISSED.  As we have decided this case after full briefing and oral argument, General Steel's emergency motion seeking more prompt relief is denied.