NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN PATRICK BRADY,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2013-5081

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0373, Judge Lawrence J. Block.

---

Decided: October 16, 2013

---

KEVIN PATRICK BRADY, of East Rochester, New York, pro se.

SARA ANN KETCHUM, Attorney, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were KATHRYN KENEALLY, Assistant Attorney General, and THOMAS J. CLARK, Attorney.

---

Before RADER, *Chief Judge,* LOURIE and O'MALLEY,
*Circuit Judges.*

PER CURIAM.

Kevin Brady ("Brady") appeals from the judgment of
the United States Court of Federal Claims (the "Claims
Court") dismissing his suit for lack of subject matter
jurisdiction under Rule 12(b)(1) of the Rules of the Court
of Federal Claims ("RCFC"). *See Brady v. U.S.*, No. 12-cv-
0373 (Fed. Cl. Jul. 13, 2013) ("Order Dismissing Case").
Because Brady's suit was time-barred by the two-year
statute of limitations under 26 U.S.C. § 6532(a)(1), and
because the Claims Court lacked jurisdiction over Brady's
other requests for relief, we *affirm*.

## BACKGROUND

In September 2004, Brady filed amended tax returns
with the Internal Revenue Service ("IRS") for tax years
1999–2001, claiming a refund of $12,800. The IRS reject-
ed his claim and sent him a notice of disallowance by
certified mail on December 29, 2005. (Appellee's App. at
4).

On June 11, 2012, Brady filed a complaint in the
Claims Court seeking a federal tax refund, damages of
$500,000, an injunction against IRS collection efforts, and
declaratory relief. Finding Brady's suit time-barred, the
Claims Court dismissed the matter *sua sponte* for lack of
subject matter jurisdiction under Rule 12(b)(1) of the
RCFC. Order Dismissing Case at 1.

Brady filed a timely appeal contesting the judgment of
the Claims Court. We have jurisdiction under 28 U.S.C.
§ 1295(a)(3).

## DISCUSSION

We review the Claims Court's judgment of dismissal
for lack of subject matter jurisdiction without deference.

*Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

Brady argues that eight statutory provisions confer jurisdiction for his complaint in the Claims Court: (1) 28 U.S.C. § 1491(a)(1); (2) the Federal Tort Claims Act ("FTCA"); (3) 28 U.S.C. § 1346 (refunds); (4) 28 U.S.C. § 1331 (federal question); (5) 28 U.S.C. § 1343 (damages); (6) 26 U.S.C. § 6404 (abatements); (7) 26 U.S.C. § 2401(a); and (8) 42 U.S.C. § 1983 for violation of due process and equal protection. Brady seeks damages of $500,000, an injunction against IRS collection efforts, declaratory relief, and a refund of federal income taxes.

The government responds that the Tucker Act's jurisdictional grant is expressly limited to cases not sounding in tort. The government also contends that the Claims Court lacks jurisdiction over Brady's requests for injunctive and declaratory relief, as well as his request for equitable relief. As to the Claims Court's refund jurisdiction, the government argues that Brady's suit is time-barred by the two-year statute of limitations period under 26 U.S.C. § 6532(a)(1).

We agree with the government that the Claims Court lacks jurisdiction in this matter. The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act, 28 U.S.C. § 1491(a)(1), grants jurisdiction to the Claims Court over certain types of claims against the United States. The Tucker Act's jurisdictional grant is limited to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Thus, we reject Brady's argument for jurisdiction under the FTCA. Brady's requests for declaratory and injunctive relief are also outside the jurisdiction of the Claims Court. "The Tucker Act does not provide independent jurisdiction over such claims for equitable relief." *Brown*, 105 F.3d at 624.

The only remaining issue pertains to the Claims Court's refund jurisdiction. "A taxpayer seeking a refund

of taxes erroneously or unlawfully assessed or collected may bring an action against the Government . . . in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); *see also* 28 U.S.C. §§ 1346(a), 1491(a)(1). But the Claims Court shall not exercise jurisdiction if the plaintiff files suit more than two years after the IRS mails a notice of disallowance of the plaintiff's refund claim. 26 U.S.C. § 6532(a)(1). Brady filed suit in the Claims Court on June 11, 2012, *i.e.*, more than two years after December 29, 2005, the date of the mailing of the notice of disallowance. As such, Brady's suit was time-barred and the Claims Court correctly dismissed this matter for lack of subject matter jurisdiction.

Finally, we turn to the propriety of the Claims Court's *sua sponte* dismissal of Brady's suit for lack of subject matter jurisdiction. Rule 12(h)(3) of the RCFC provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject matter jurisdiction may be challenged at any time by the parties *or by the court sua sponte*.") (emphasis added). Thus, the Claims Court's *sua sponte* dismissal of Brady's suit for lack of subject matter jurisdiction was appropriate.

CONCLUSION

We have considered Brady's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**