Opinion for the court filed by Circuit Judge WALLACH. Concurring opinion filed by Circuit Judge TARANTO.
WALLACH, Circuit Judge.
This case presents the question' of whether a suit brought against the United States in the United States Court of Federal Claims (“Claims Court”) must be dismissed for lack of subject matter jurisdiction because an earlier-filed related claim against the United States remains pending in a United States district court. Because the Claims Court correctly held jurisdiction is improper under these circumstances, this court affirms.
Background
In 2006, plaintiff-appellant Ministerio Roca Solida (“Roca Solida”), a non-profit religious organization, purchased a forty-acre parcel of land in Nevada. At the time of purchase, a desert stream flowed across the property, the water rights to which Roca Solida also purchased. The water supplied a recreational pond and was used for baptisms, among other uses. Roca Solida’s property is situated within a national wildlife refuge that is managed by the U.S. Fish and Wildlife Service (“FWS”). According to defendant-appel-lee United States, an FWS water restoration project completed in 2010 “restored [the] stream to its natural channel,” the effect of which was to divert the stream away from Roca Solida’s property, depriving it of water it would have otherwise enjoyed. Appellee’s Br. 2-3.
In response, Roca Solida instituted two lawsuits against the United States. First, it brought suit in federal district court in Nevada, seeking declaratory, injunctive, and compensatory relief on the basis of alleged violations under the First and Fifth Amendments to the United States Constitution, and also “at least $86,639.00 in damage[s]” under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. Appellant’s App. 41. Second, it brought suit two days later in the Claims Court, seeking declaratory relief and compensatory damages on the basis that the diversion project constituted an unlawful taking in violation of the Fifth Amendment and asserting FWS negligently executed the water diversion project, causing $86,639 in damages to “land, structures, and animals.” Id. at 14-15.
The United States moved to dismiss the Claims Court action for lack of subject *1353 matter jurisdiction in light of the pending district court action under 28 U.S.C. § 1500 (2006). The Claims Court dismissed the case without prejudice. Roca Solida timely appealed. This court has jurisdiction to review the decision of the Claims Court under 28 U.S.C. § 1295(a)(3) (2012).
Discussion
I. Standard of Review
An order dismissing a case for lack of subject matter jurisdiction under 28 U.S.C. § 1500 is reviewed de novo. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed.Cir.2011). The plaintiff bears the burden of establishing jurisdiction. Taylor v. United States, 303 F.3d 1357, 1359 (Fed.Cir.2002).
II. Jurisdiction Is Barred by Statute
The Claims Court “has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents.” United States v. Tohono O’Odham Nation, — U.S. -, 131 S.Ct. 1723, 1727, 179 L.Ed.2d 723 (2011). This rule derives from 28 U.S.C. § 1500, which states:
The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.
28 U.S.C. § 1500 (emphasis added). Two inquiries are required when determining whether § 1500 applies: “(1) whether there is an earlier-filed suit or process pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are for or in respect to the same elaim(s) asserted in the later-filed Court of Federal Claims action.” Brandt v. United States, 710 F.3d 1369, 1374 (Fed.Cir.2013) (internal quotation marks and citation omitted). Roca Solida does not dispute the suit filed in Nevada district court constitutes an earlier-filed suit for purposes of the first inquiry.
With respect to the second inquiry, the Supreme Court has explained that “[t]wo suits are for or in respect to the same claim, precluding jurisdiction in the [Claims Court], if they are based on substantially the same operative facts, regardless of the relief sought in each suit.” Tohono, 131 S.Ct. at 1731 (emphases added). That is, the two co-pending suits need not be identical. See id. at 1728 (quoting Keene Corp. v. United States, 508 U.S. 200, 212, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)) (“The phrase ‘in respect to’ ... ‘make[s] it clear that Congress did not intend the statute to be rendered useless by a narrow concept of identity.’ ”). In addition, it is irrelevant whether the relief sought in the two co-pending suits is the same or different (e.g., injunction versus money damages). Id. at 1731. All that matters is that the two suits be based on “substantially the same operative facts.” Id.
In this case, the Claims Court found the two pending actions “[met] the standard set forth in Tohono,” i.e., they were “ ‘based on substantially the same operative facts.’” Ministerio Roca Solida v. United States, 114 Fed.Cl. 571, at 575 (2014) (quoting Tohono, 131 S.Ct. at 1731). The Claims Court noted “the claims in both actions arise from [Roca Solida’s] ownership of the same parcel of land and water and its alleged injuries as a result of the same FWS water diversion project,” and also noted the two complaints used “virtually identical language.” Id.
*1354 In Plaintiffs Opposition to United States’ Motion to Dismiss, Roca Solida argued takings claims “do not (necessarily) subsume other claims arising from the same nucleus of operative fact.” Appellant’s App. 53 (emphasis added); see id. at 59. On appeal, Roca Solida repeats this language, see Appellant’s Br. 14, also noting its “[c]omplaints are similar because they describe the same errant project,” Reply Br. 10. Although Roca Solida criticizes the “same operative facts” standard articulated in Tohono, it does not argue that its co-pending suits are not based on substantially the same operative facts. See Reply Br. 8 (“The Tohono [CJourt’s notion that claims are identical if they arise from the same transaction or have a substantial overlap in the operative facts is deeply flawed.... ”).
This court concludes Roca Solida’s two co-pending suits are based on substantially the same operative facts. Jurisdiction in the Claims Court is therefore barred under § 1500.
III. Appellant’s Arguments Are Precluded by Binding Precedent
Roca Solida presents three principal arguments challenging, in effect, the Supreme Court’s interpretation of § 1500. These arguments relate to Congressional intent, pre-Tohono judicial interpretation of § .1500, and the extent to which the rule of Tohono fulfills the goals of judicial economy. Roca Solida additionally attempts to distinguish Tohono on the basis that Toho-no did not involve a statute of limitations and the present matter does. Each of these arguments is addressed in turn.
A. Tohono Represents Binding Precedent, Notwithstanding Appellant’s Assertions of Congressional Intent
First, Roca Solida argues “Congress did not intend for § 1500 to put plaintiffs to a choice between two nonduplicative remedies.” Appellant’s Br. 17. It notes § 1500 was enacted during the aftermath of the Civil War to prevent duplicative lawsuits that could have allowed plaintiffs to “obtain[ ] twice what they deserved.” Id. at 18. Unlike such duplicative remedies, Roca Solida asserts, its desired remedies are nonduplicative because it seeks only to be made whole.[1] Id. at 21. Roca Solida maintains it cannot “be made whole even once,” id. at 21, “[bjecause the Court of Claims may not entertain claims for declaratory and injunctive relief[2] ... just *1355 as the [district [c]ourt may not compensate a temporary or permanent taking where damages exceed $10,000,” id. at 17.
Roca Solida explains it is seeking injunc-tive relief (which the Claims Court cannot provide) in the district court, and only if' injunctive relief is denied will it seek monetary compensation for the permanent loss of water (which, if the amount exceeds $10,000, the district court cannot provide) in the Claims Court. Appellant’s Br. 21. It notes it has requested a stay in the Claims Court pending the outcome in the district court. Id. at 5; see also Appellant’s App. 16.
In requesting relief that parallels the present case in important ways, the plaintiff in Tohono brought suit in United States district court, alleging federal officials breached their fiduciary duty in managing tribal assets and requesting an accounting, i.e., equitable relief. Tohono, 131 S.Ct. at 1727. In a simultaneous action before the Claims Court, the plaintiff sought money damages on the basis of allegations of “almost identical violations of fiduciary duty.” Id.
Holding the Claims Court lacked jurisdiction pursuant to § 1500, the Tohono Court found irrelevant the fact that there was no “remedial overlap.” Id. at 1728. Plaintiffs may not avoid the jurisdictional bar of § 1500, the Court stated, “by carving up a single transaction into overlapping pieces seeking different relief,” such as equitable relief in the district court and damages in the Claims Court. Id. at 1730.
The Supreme Court in Tohono gave due consideration to Congressional intent, explaining the context and original purpose of the predecessor to § 1500. Tohono, 131 S.Ct. at 1728. It is true, as Roca Solida points out, that concurring and dissenting opinions in Tohono expressed views regarding Congressional intent that may have been contrary to those expressed by the majority. Justice Sotomayor, in a concurrence joined by Justice Breyer, read “[t]he legislative history [of § 1500 to] confirm[] Congress’ intent to preclude requests for duplicative relief.” Tohono, 131 S.Ct. at 1736 (Sotomayor, J., concurring) (emphasis added). Justice Ginsburg stated in her dissent that “[w]hen Congress bars a plaintiff from obtaining complete relief in one suit ... and does not call for an election of remedies, Congress is most sensibly read to have comprehended that the operative facts give rise to two discrete claims.” Id. at 1739 (Ginsburg, J., dissenting). These concurring and dissenting opinions, of course, do not negate the binding nature of the majority opinion.
B. The Pre-Tohono Judicial Interpretation of § 1500 on Which Roca Solida Relies Is No Longer Good Law
Roca Solida relies on this court’s decision in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed.Cir.1994), for the proposition that “it would not be sound policy to force plaintiffs to forego monetary claims in order to challenge the validity of Government action, or[, conversely,] to preclude challenges to the validity of Government action in order to protect a constitutional claim for compensation.” Appellant’s Br. 24 (quoting Loveladies, 27 F.3d at 1556).
As the Claims Court correctly noted, however, Loveladies’ holding that § 1500 *1356 does not preclude Claims Court jurisdiction so long as the “pending action in another court seeks distinctly different relief,” id. at 1549, was effectively overruled by Tohono. It provides no solace to Roca Solida.
C. Policy Considerations Do Not Allow This Court to Ignore Binding Precedent
In a related argument, Roca Solida asserts “ ‘actions seeking different forms of relief that Congress has made available exclusively in different courts are not [redundant]’ ” and therefore not inefficient. Appellant’s Br. 25 (quoting Tohono, 131 S.Ct. at 1737 (Sotomayor, J., concurring)). Similarly, it notes “ ‘federal courts have ample tools at their disposal, such as stays, to prevent ... burdens [such as parallel discovery]’ ” that might arise from co-pending suits. Id. (quoting Tohono, 131 S.Ct. at 1737 (Sotomayor, J., concurring)). However, just as the concurring and dissenting opinions in Tohono do not diminish the binding nature of the Tohono majority opinion, neither do their policy considerations.
In effect, Roca Solida argues the Supreme Court’s majority opinion was erroneous and unsound policy. However, “this is not the appropriate forum” in which to advance such an argument, “[h]owever well or ill-founded [it] may be.” Korczak v. United States, 124 F.3d 227, 1997 WL 488751, at *2 (Fed.Cir.1997) (unpublished table decision). “We are duty bound to follow the law given us by the Supreme Court unless and until it is changed.” Id.
D. Tohono Has Not Been Effectively Distinguished
Roca Solida also attempts to distinguish Tohono on the basis that Tohono did not involve a statute of limitations because Congress through special legislation has provided “the statute of limitations on Indian trust mismanagement claims shall not run until the affected tribe has been given an appropriate accounting.” Tohono, 131 S.Ct. at 1731. By contrast, Roca Solida asserts, its takings claims based on the diversion of water beginning in August 2010 would begin to be barred in August 2016 by the six-year statute of limitations generally applicable to all claims before the Claims Court. See 28 U.S.C. § 2501.
However, the Supreme Court in Tohono explicitly considered and rejected the argument that § 1500 should be interpreted more flexibly where the limited and non-overlapping jurisdictions of the district court and Claims Court work a “hardship” on the plaintiff. It stated: “Even were some hardship to be shown [such as incomplete relief resulting from the running of a statute of limitations], considerations of policy divorced from the statute’s text and purpose could not override its meaning.” Tohono, 131 S.Ct. at 1731; id. at 1730 (“There is no merit to the Nation’s assertion that the interpretation adopted here cannot prevail because it is unjust, forcing plaintiffs to choose between partial remedies available in different courts.”) (emphasis added). Although Roca Solida argues this statement is dictum (because no statute of limitations was at issue in Toho-no ), this court has previously recognized “the Supreme Court has made clear that the statutory language of § 1500 leaves no room to account for such hardship.” Cent. Pines Land Co. v. United States, 697 F.3d 1360, 1367 n. 6 (Fed.Cir.2012).
As Judge Taranto’s concurring opinion indicates, the Supreme Court in Tohono did not explicitly address the situation where a plaintiff is prevented from asserting a right under the United States Constitution by the interplay between § 1500 and a statute of limitations. Although Roca Solida asserts it is being forced to “choose between: (1) tort damages and injunctive relief to stop ongoing and future *1357 constitutional violations [including First Amendment violations] ... or (2) compensation for a ‘taking’ [under the Fifth Amendment],” Appellant’s Br. 10, it concedes the statute of limitations will not run until August 2016, id. at 7 n. 9. While the considerations and analysis presented in the concurring opinion may have merit, the constitutional question is not sufficiently ripe for review.
Conclusion
The Claims Court does not have jurisdiction over Roca Solida’s claim because a similar claim remains pending in a United States district court, because the district court claim is based on “substantially the same operative facts” as those in the Claims Court proceeding, and because, under Tohono, it is irrelevant that the relief sought in each forum is nonoverlapping or would work a hardship in the form of incomplete relief. For these reasons, the decision of the Claims Court is
AFFIRMED

. In its brief, Roca Solida asserts that "denying access to judicial remedies that allow persons to be made whole according to the Constitution will only further encourage aggrieved parties to vindicate their own rights.... Southern Nevadans have seen recently exactly what such self-vindication of rights may look like and judicial actions fostering such scenes should not be encouraged.” Appellant's Br. 12. During oral argument, counsel conceded this statement was written in the light and context of a possibility that disappointed litigants “may take up arms.” Oral Arg. at 1:55-2:12, Roca Solida v. United States, available at http://oral arguments.cafc.uscourts.gov/default. aspx?fl= 2014-5058.mp3. Appellant's brief, dated May 12, 2014, was filed in the wake of an armed protest in southern Nevada by supporters of a rancher named Cliven Bundy against the Bureau of Land Management. See, e.g., Jeff German, Sheriff: FBI Is Investigating Threats Made to Law Enforcement During Bundy Showdown, Las Vegas Review-Journal (May 8, 2014), http://www.reviewjournal.com/news/ bundy-blm/sheriff-fbi-investigatingthreats-made-law-enforcement-during-bundy-showdown. Such inflammatory language is inappropriate.

. See Tohono, 131 S.Ct. at 1729 ("[T]he [Claims Court] has no general power to provide equitable relief against the Government or its officers.”); id. at 1734 (Sotomayor, J., concurring) ("[A]n action seeking injunctive relief to set aside agency action must proceed *1355 in district court, but a claim that the same agency action constitutes a taking of property requiring just compensation must proceed in the [Claims Court].”); Brady v. United States, 541 Fed.Appx. 991, 992 (Fed.Cir.2013) (Plaintiff’s "requests for declaratory and injunctive relief are also outside the jurisdiction of the Claims Court.”); Hoopa Valley Tribe v. United States, 219 Ct.Cl. 492, 596 F.2d 435, 443 (1979) (“[T]he Court of Claims has no jurisdiction of suits for injunctions or declaratory judgments.”).