# ORIGINAL

## In the United States Court of Federal Claims

No. 16-50C

(Filed: February 29, 2016)

**(NOT TO BE PUBLISHED)**

FILED

FEB 2 9 2016

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MACK A. BETTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

LETTOW, Judge.

Plaintiff Mack A. Betts seeks review of the Michigan Compensation Appellate Commission's decision to deny him benefits. An exhibit attached to the complaint shows that Mr. Betts filed a claim at the Commission against Ford Motor Company and that his case was dismissed for failure to comply with the Commission's procedures. The complaint does not explain who or what injured Mr. Betts, the nature of the injury, or the nature of his claim at the Commission.

Pursuant to the Tucker Act, codified at 28 U.S.C. § 1491(a), this court's jurisdiction is limited to claims against the United States, not "private parties." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). If the court at any time determines it lacks jurisdiction, it must dismiss the case. Rule 12(h)(3) of the Rules of the Court of Federal Claims; *see also Brady v. United States*, 541 Fed. Appx. 991, 993 (Fed. Cir. 2013) (affirming *sua sponte* dismissal of a *pro se* complaint for lack of jurisdiction); *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (although courts hold *pro se* plaintiffs to less stringent standards, this leniency does not extend to plaintiff's burden of establishing jurisdiction). Because plaintiff makes no allegations against the United States, the court must dismiss his case.[1]

---

[1] It may be that Mr. Betts had (or has) a claim for damages based upon tort or for workers' compensation, but, if so, this court would lack jurisdiction under the Tucker Act, 28 U.S.C. §1491(a), because the court's juridical power under that Act does not extend to "cases . . . sounding in tort," 28 U.S.C. §1491(a)(1).

The court also declines transfer of the case pursuant to 28 U.S.C. § 1631, which permits transfer in the interest of justice to another federal court that would have had jurisdiction. Plaintiff's complaint contains no allegations explaining his injury or its cause, making transfer inappropriate. *See Bedell v. United States*, __ Fed. Appx. __, __, 2016 WL 520025, at *1 (Fed. Cir. Feb. 10, 2016) (transfer not in interest of justice when complaint fails to state a claim). Moreover, federal courts generally lack jurisdiction directly to review the decisions of state tribunals. *Cf. Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)), *cf. also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (review of state court's decision, even on constitutional questions, may not be had in district court but rather only in Supreme Court). That is a task for state courts, excepting of course the circumstance where the consequence or result of a decision of a state tribunal raises an attendant question of federal law.[2] The exception does not apply in this case because no federal question has been presented.

The court concludes that Mr. Bett's complaint must be dismissed for lack of subject matter jurisdiction. The clerk is directed to enter judgment in accord with this disposition.[3]

No costs.

It is so ORDERED.

Charles F. Lettow
Judge

---

[2]The essential characteristic of the *Rooker-Feldman* doctrine is that the "loser in state court invites [a] federal district court to overturn [a] state court judgment," and jurisdiction to do so is barred. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 n.2 (2005). In *Verizon Md., Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002), the Supreme Court observed that *Rooker-Feldman* "does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court," but the "doctrine has no application to judicial review of executive action, including determinations by a state administrative agency."

[3]Plaintiff's motion to proceed *in forma pauperis*, ECF No. 3, is GRANTED.