**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINISTERIO ROCA SOLIDA, AKA Solid Rock Ministry, *Plaintiff-Appellee*, v. SHARON MCKELVEY, Manager, Ash Meadows Wildlife Refuge, in her individual capacity, *Defendant-Appellant.* | No. 13-16808 D.C. No. 2:12-cv-01488-RCJ-VCF OPINION |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted
November 18, 2015—San Francisco, California

Filed May 4, 2016

Before: M. Margaret McKeown, Johnnie B. Rawlinson,
and Barrington D. Parker,* Circuit Judges.

Opinion by Judge McKeown

---

* The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

**SUMMARY****

**Civil Rights**

In an interlocutory appeal, the panel reversed the district court's denial of defendants' motion to dismiss an action, brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and remanded for further proceedings.

Plaintiff, a non-profit religious organization that runs a church camp on a parcel of land in Nye County, Nevada, sought relief against the United States Fish and Wildlife Service officer Sharon McKelvey in her individual capacity for the allegedly unconstitutional diversion of a stream that once flowed through plaintiff's church camp property. Plaintiff sought an injunction compelling McKelvey personally to restore the stream to its route through church property and a declaration that her actions violated plaintiff's constitutional rights, but it did not seek damages against her.

The panel held that relief under *Bivens* does not encompass injunctive and declaratory relief where the equitable relief sought requires official government action. The panel held that only the United States—through its officers—had the power to take the action that plaintiff sought: returning the stream to its previous path through plaintiff's land. The panel held that *Bivens* was both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Stuart F. Delery, Assistant Attorney General, Washington, D.C.; Daniel G. Bogden, United States Attorney, Las Vegas, Nevada; Michael S. Raab, and Lowell V. Sturgill, Jr. (argued), Civil Division, Appellate Staff, Washington, D.C., for Defendant-Appellant.

Joseph F. Becker (argued), NPRI Center for Justice and Constitutional Litigation, Reno, Nevada, for Plaintiff-Appellee.

## OPINION

McKEOWN, Circuit Judge:

This interlocutory appeal addresses the question of whether a federal officer can be sued in her individual capacity for purely injunctive relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The unique, judicially-created *Bivens* remedy provides plaintiffs an avenue for damages against constitutional violations by federal officers. In this case, Ministerio Roca Solida ("Roca Solida") seeks relief from the United States and from a federal officer for the allegedly unconstitutional diversion of a stream that once flowed through Roca Solida's church camp property. One sliver of the suit is a *Bivens* claim against United States Fish and Wildlife Service ("FWS") officer Sharon McKelvey in her individual capacity. Through its *Bivens* action, Roca Solida seeks an injunction compelling McKelvey personally to restore the stream to its route through church property and a declaration that her actions violated Roca Solida's

constitutional rights, but it does not seek damages against her. The district court denied the government's motion to dismiss, decided that the *Bivens* claim could proceed, and held that McKelvey was not protected by qualified immunity. Because Roca Solida seeks to compel official government action, and does not seek damages against McKelvey, we conclude that Roca Solida failed to state a *Bivens* claim against McKelvey in her individual capacity and we reverse.

## BACKGROUND

Roca Solida is a non-profit religious organization that runs a church camp on a parcel of land in Nye County, Nevada. The camp is one of several privately owned parcels within the Ash Meadows National Wildlife Refuge (the "Ash Meadows Refuge"), which historically included a large marsh that falls partially within the Carson Slough. The Slough, a unique and delicate ecosystem, was destroyed by peat-mining, ranching and crop production during the 1960s and 1970s. Since the federal government obtained the Ash Meadows Refuge land in the 1980s, the FWS has been attempting to restore the land to its natural condition. One aspect of the wildlife restoration projects has been to divert water sources previously used for irrigation back to natural channels that lead to the Carson Slough marsh.

Roca Solida purchased 40 acres of land within the boundaries of Ash Meadows in 2006 and built a church camp. A stream that found its source in the Carson Slough has allegedly traversed the property since at least 1881. The church camp used the stream for baptisms and other religious purposes, as well as for recreation and irrigation.

In 2010, Sharon McKelvey, Manager of the Ash Meadows Refuge, began a project to divert water from the stream. Roca Solida claims that the project diverted water into channels on higher ground outside the bounds of the church's property. Deprived of the water that once ran through its property, Roca Solida says it was unable to continue the religious and recreational activities that relied on the stream's water. As a consequence of the diversion, Roca Solida claims that the first measurable rainfall led the channels to overflow, causing at least $86,639 worth of damage to the church property.

Roca Solida asserts a number of constitutional and statutory claims relating to the government's diversion of the stream and the subsequent flooding. Its first amended complaint alleges violations of the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fifth Amendment, the Free Exercise Clause of the First Amendment, and the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA").

Although Roca Solida sought equitable relief and monetary damages against all of the government defendants, including McKelvey, only the FTCA and Takings Clause claims allege money damages. McKelvey is not the appropriate defendant for either of these damages claims. Roca Solida conceded that "Defendant's substitution of the United States . . . is appropriate and warranted under the FTCA . . . . [and Roca Solida] also believes that the United States is the appropriate defendant for the Takings Claim . . . ." Thus, Roca Solida seeks only declaratory and

injunctive relief against McKelvey in her individual capacity, which is the subject of this appeal.[1]

McKelvey filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Roca Solida had failed to present a cognizable and plausible claim against her individually under *Bivens* and that she was, in any event, entitled to qualified immunity. The district court denied McKelvey's motion to dismiss and held, without further clarification, that: "Plaintiff may maintain a *Bivens* action against McKelvey in her individual capacity for due process, free exercise, and takings violations because the U.S. Supreme Court has not explicitly prohibited *Bivens* actions for these violations. Additionally, the Court finds that qualified immunity does not apply."

Two days after filing suit in the District of Nevada, Roca Solida also filed suit in the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491, claiming damages against the United States in excess of $10,000. The Court of Federal Claims dismissed the suit without prejudice because "plaintiff had already filed a complaint against the United States in another court based on substantially the same operative facts." *Ministerio Roca Solida v. United States*, 114 Fed. Cl. 571, 572 (2014), *aff'd*, 778 F.3d 1351 (Fed. Cir. 2015), *cert. denied sub nom. Ministerio Roca Solida, Inc. v. United States*, 136 S. Ct. 479 (2015) (mem.). The Federal Circuit affirmed the dismissal. *Ministerio Roca Solida*, 778 F.3d at 1353 (quoting *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1727 (2011)). In his concurrence, Judge Taranto raised concerns about the jurisdictional bars on

---

[1] The remaining claims against the other government defendants continue to move forward in the district court.

Roca Solida's claims. *Id*. at 1357 ("[This case] may soon present a substantial constitutional question about whether federal statutes have deprived Roca Solida of a judicial forum to secure just compensation for a taking . . . .").[2]

In September of 2013, McKelvey filed an interlocutory appeal to challenge the denial of qualified immunity and, by necessity, the validity of the underlying *Bivens* cause of action brought against her in her individual capacity. *See Wilkie v. Robbins*, 551 U.S. 537, 549 n.4 (2007) (granting jurisdiction for interlocutory appeals where the cause of action was "directly implicated by the defense of qualified immunity"). The individual-capacity claim against McKelvey is the subject of this appeal.

## ANALYSIS

This appeal begins and ends with the threshold question of whether a *Bivens* action can provide the injunctive and declaratory relief that Roca Solida seeks against McKelvey in her individual capacity. In answering no, we join our sister circuits in holding that relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their

---

[2] While we are sympathetic to Roca Solida's concern that it may not be able to bring all of its collective claims against the United States in a single court, either in the Federal Court of Claims or in federal district court, the split jurisdiction issue arises out of provisions of the Tucker Act and the Little Tucker Act, 28 U.S.C. §§ 1491 and 1346, which are not at issue in this appeal.

individual capacities."); *see also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("Some courts have characterized constitutional claims to enjoin federal officials as *Bivens* claims[,] . . . . however, . . . a *Bivens* claim lies against the federal official in his individual capacity—not, as here, against officials in their official capacity.").

In *Bivens*, the Supreme Court provided a judicially-created cause of action for damages arising out of constitutional violations by federal officers, holding that "petitioner is entitled to recover *money damages* for any injuries he has suffered as a result of the agents' violation of the [Fourth] Amendment." 403 U.S. at 397 (emphasis added). The Court explained that the remedy filled a gap in cases where sovereign immunity bars a damages action against the United States.

> [S]ome form of damages is the only possible remedy for someone in Bivens' alleged position. It will be a rare case indeed in which an individual in Bivens' position will be able to obviate the harm by securing injunctive relief from any court. However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit. . . . For people in Bivens' shoes, it is damages or nothing.

*Id*. at 409–10. In later cases, the Court continued to emphasize that money damages is the remedy under *Bivens*. *See, e.g.*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) ("*Bivens* established that the victims of a constitutional violation by a

federal agent have a right to recover damages against the official . . . ."); *Butz v. Economou*, 438 U.S. 478, 504 (1978) ("[T]he decision in *Bivens* established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official.").

In *Farmer v. Brennan*, the Supreme Court addressed whether courts could grant appropriate equitable relief in a suit brought under *Bivens* against individual-capacity defendants, which also sought equitable relief against defendants in their official capacity. 511 U.S. 825, 830–31 (1994). The Court concluded that, "[i]f the court finds the Eighth Amendment's subjective and objective requirements satisfied, it may grant appropriate injunctive relief [,]" but distinguished between the plaintiff's damages claims against defendants in their individual capacities and the plaintiff's related claims for injunctive relief. *Id*. at 846, 850–51. The Tenth Circuit observed that *Farmer* does not authorize *Bivens* actions for injunctive relief, but rather states "only that the courts could 'grant appropriate relief' on a federal prisoner's Eighth Amendment claim for damages and injunctive relief against prison officials in their individual *and official* capacities." *Simmat*, 413 F.3d at 1228 (quoting *Farmer*, 511 U.S. at 846) (emphasis added).

*Bivens* is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government. By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action. In *Vaccaro v. Dobre*, we distinguished between damages actions against individuals under *Bivens* and actions for injunctive relief against the United States or its officers in

their official capacity. 81 F.3d 854, 856 (9th Cir. 1996). As the Tenth Circuit succinctly put it, "There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States. *See id*. In dismissing a *Bivens* action, we explained that:

> [The plaintiff] seeks to enjoin various individual government officials, based on [*Bivens*]. *Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. In a paradigmatic *Bivens* action, a plaintiff seeks to impose personal liability upon a federal official based on alleged constitutional infringements he or she committed against the plaintiff. . . . This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. . . .
>
> Here, [the plaintiff] has sued various Federal officials in their official capacities. It seeks to enjoin official action . . . [and] does not claim damages based on the past unconstitutional acts of Federal officials in their individual capacities. Therefore, the district court lacked subject matter jurisdiction

over the claim because the United States has not consented to its officials being sued in their official capacities.

*Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

This same principle came into play in a suit against the U.S. Navy: "Because the plaintiff seeks injunctive relief, which can be enforced only against a federal agency, and not damages against an individual federal officer for the alleged violation of the plaintiff's constitutional rights, *Bivens* does not provide the plaintiff an avenue for the relief he seeks." *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 264 (D.D.C. 2013) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (explaining that in contrast to injunctive relief, "we have never considered [the *Bivens* remedy] a proper vehicle for altering an entity's policy")).

We do not view the Seventh Circuit's broad statement on *Bivens* to undermine these well-established principles distinguishing individual and official capacity suits. In rejecting a categorical denial of *Bivens* actions that seek purely equitable relief, the court observed that: "A *Bivens* claim can be brought as an allegation that a constitutional injury arose out of the actions of federal agents—regardless of the nature of the relief sought." *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) (citing *Farmer*, 511 U.S. at 851). However, the Seventh Circuit found that *Bivens* did not provide a cause of action in *Bunn* because, "*Bivens* claims are brought against the relevant officials in their individual

capacity, and [this] is plainly an official capacity action." *Bunn*, 309 F.3d at 1009.[3]

In this case, only the United States—through its officers—has the power to take the action that Roca Solida seeks: returning the stream to its previous path through Roca Solida's land.[4]  The Ash Meadows Refuge Manager might be capable of effecting the remedy Roca Solida seeks, but McKelvey as an individual has no authority to do so.  A *Bivens* action is not necessary in suits, such as this one, which seek equitable relief against the federal government, because the Administrative Procedure Act waives sovereign immunity for such claims.  5 U.S.C. § 702 ("An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . .").  Roca Solida may yet be able to obtain the equitable relief it wants, just not against McKelvey as an individual.

---

[3] We are likewise untroubled by the passing reference to injunctive relief in *F.E. Trotter, Inc. v. Watkins*:  "For certain constitutional violations, governmental officials may be sued in their individual capacities for monetary damages or injunctive or declaratory relief.  These actions are often termed '*Bivens* actions' . . . ."  869 F.2d 1312, 1314 (9th Cir. 1989) (citations omitted).  The issue on appeal in *Trotter* related to qualified immunity for monetary damages claims.  The claims for declaratory relief were dismissed in the district court and were not on appeal.  *Id*. at 1313.

[4] Roca Solida has been consistent in its aim.  The Federal Circuit observed that:  "Roca Solida has made clear that its main aim has been to secure restoration of the diverted stream to the path it once took through Roca Solida's land." *Ministerio Roca Solida*, 778 F.3d at 1358.

Because "[d]ismissal can be based on the lack of a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), Roca Solida's failure to state a cognizable *Bivens* action against McKelvey calls for dismissal of the claim against her. Consequently, we do not reach the question of whether alternative statutory avenues for relief would also preclude a *Bivens* action.[5] Because Roca Solida does not seek damages against McKelvey, we likewise need not reach the issue of qualified immunity.[6] McKelvey's motion to dismiss for failure to state a claim should have been granted.

**REVERSED AND REMANDED.**

---

[5] In *Wilkie*, the Supreme Court set out the two-step analysis to determine if a *Bivens* action is appropriate. First, the court must determine "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy . . . ." 551 U.S. at 550. If a statutory alternative is not available, then the court must still determine if there are "factors counselling hesitation" before finding a cause of action under *Bivens*. *Id*.

[6] It is well understood that "[q]ualified immunity is only an immunity from a suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief." *Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012); *see also Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) ("Qualified immunity shields federal and state officials from money damages . . . .").