**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL STRAUSBAUGH,

Plaintiff-Appellant,

v.

UNKNOWN BACON, F-Unit Manager,
USP Tucson and UNKNOWN HILLERS,
Unit Manager FCI Waseca; names as Mrs.
Hiller,

Defendants-Appellees.

No.  16-15736

D.C. No. 4:14-cv-01937-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

Plaintiff-Appellant Michael Strausbaugh, who is an inmate in a federal prison in Arizona, filed this action *pro se* against Defendant-Appellee Bacon, his Unit Manager, and Defendant-Appellee Hillers, a Unit Manager in the federal prison in Minnesota where his wife was an inmate. He sought damages and injunctive relief in claims arising out of the officials' alleged refusal to permit him to serve by mail his filings in divorce proceedings instituted by his wife. The district court granted Defendants-Appellees' motion to dismiss. The court held it lacked personal jurisdiction over the Minnesota defendant, Hillers, and that the claim for damages against the Arizona defendant, Bacon, was barred by qualified immunity. The district court denied Mr. Strausbaugh's claim for equitable relief on immunity grounds. We appointed pro bono counsel on appeal.

We agree with the district court that it lacked personal jurisdiction over Defendant-Appellee Hillers, who has taken no deliberate action creating requisite contacts with the forum state, Arizona. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). Hillers's alleged conduct is insufficient to establish specific personal jurisdiction.

The district court's dismissal of the claims against Defendant-Appellee Bacon raises issues relating, first, to the availability of an action for damages in the wake of Supreme Court decisions post-*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and second, to the availability of injunctive relief. The district court, however, did not consider whether a *Bivens* remedy was available here, because it correctly concluded that, in any event, Defendant Bacon was entitled to qualified immunity.

It was not clearly established that precluding the use of the mail for service of documents under the circumstances of this case violated a constitutional right of access to the courts. The relevant regulation, 28 C.F.R. § 540.17, provides that inmates "may" be permitted to correspond with incarcerated family members. It then makes specific reference to legal proceedings. *See* 28 C.F.R. § 540.17(b)(1) ("The appropriate unit manager at each institution must approve of the correspondence if both inmates are housed in Federal institutions and both inmates are members of the same immediate family or are a party or witness in a legal action in which both inmates are involved."); *Turner v. Safley*, 482 U.S. 78, 93 (1987) (citing the regulation for the proposition that "well-run prison systems, including the Federal Bureau of Prisons, have concluded that . . . restrictions on inmate correspondence were necessary to protect institutional order and security").

The denial did not clearly violate what the Court in *Bounds v. Smith*, 430 U.S. 817 (1977), and *Lewis v. Casey*, 518 U.S. 343 (1996), recognized as a right to access for prisoners seeking review of their convictions or prison conditions of confinement. The district court properly concluded Bacon was entitled to qualified immunity. He violated no right that was clearly established.

Qualified immunity, however, does not constitute a bar to equitable relief. *See Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012) ("Qualified immunity is only an immunity from a suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief." (citations omitted)). The district court therefore erred in dismissing the claim for injunctive relief on the ground that the remaining Defendant, Bacon, was entitled to qualified immunity. The government on appeal points only to the fact that the final amended complaint does not expressly allege a cause of action against defendants in their official capacity and argues equitable relief is therefore unavailable to him. *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). The complaint, however, did expressly seek injunctive relief. It may be that the claim for injunctive relief is by now moot because of the finality and unreviewability of the divorce proceedings, but that is for the district court to determine in the first instance.

4

The judgment dismissing the action against Defendant Hillers for lack of personal jurisdiction is affirmed.  The judgment dismissing the *Bivens* claim against Defendant Bacon is affirmed and the case is remanded for further proceedings on the claim for equitable relief.

**AFFIRMED in part, REVERSED in part, and REMANDED in part.** The parties shall bear their own costs.