NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CURTIS W. PHILBERT,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-1598

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00920-EDK, Judge Elaine Kaplan.

---

Decided: July 12, 2019

---

CURTIS W. PHILBERT, San Bernardino, CA, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Mr. Curtis W. Philbert appeals from a final decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Because we agree with the Court of Federal Claims that 28 U.S.C. § 1500 bars it from exercising jurisdiction over the only claim in Mr. Philbert's complaint, we *affirm*.

BACKGROUND[1]

I

Mr. Philbert started working for the United States Department of Veterans Affairs at its Loma Linda Medical Center in October 2005, soon after he was honorably discharged from the United States Army after more than a decade on active duty. Two years later, in October 2007, he filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") against the Department alleging that it had engaged in unlawful employment discrimination. The EEOC directed the Department to pay a fine and conduct training for responsible management officials to ensure they abide by all federal equal employment opportunity laws and not retaliate against employees who file complaints with the EEOC.

Five years later, in October 2012, Mr. Philbert learned for the first time that the Department allegedly had not

---

[1]    The following facts derive from the allegations in Mr. Philbert's second amended complaint, which at this stage we accept as true and take in the light most favorable to him. *See Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018) ("In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.").

fully complied with the EEOC's decision. He alleges that the Department instead retaliated against him for filing his EEOC complaint. Mr. Philbert had been working as a health technician at the GS-6 level since at least October 2007, and he alleges that the Department updated the position description for all the other health technicians at the GS-6 level, promoted them to the GS-7 level, and left Mr. Philbert at the lower level.

II

On May 12, 2017, Mr. Philbert filed a *pro se* complaint in the United States District Court for the Central District of California. In his complaint, he alleged that the Department unlawfully discriminated against him based on his sex and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, and that the Department subjected him to wage discrimination in violation of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206(d). On September 19, 2017, Mr. Philbert amended his complaint to assert additional claims under Title VII for disparate treatment based on his national origin and retaliation based on his prior EEOC activity, as well as to assert a claim for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34.

After the district court dismissed his ADEA, hostile work environment, and retaliation claims, Mr. Philbert filed a second amended complaint on November 20, 2017. In that complaint, he asserted five claims: (1) disparate treatment based on national origin in violation of Title VII; (2) creation of a hostile work environment in violation of Title VII; (3) retaliation for filing an EEOC complaint in violation of Title VII; (4) disparate treatment based on sex in violation of Title VII; and (5) wage discrimination in violation of the Equal Pay Act.

On December 13, 2017, Mr. Philbert moved to transfer his Equal Pay Act claim to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 because, under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over claims for monetary damages against the United States amounting to more than $10,000. *See* 28 U.S.C. § 1491(a)(1). The district court initially denied his motion because Mr. Philbert had not shown that his Equal Pay Act claim exceeded $10,000. But after Mr. Philbert filed a motion for reconsideration with computations showing his backpay award would be $11,662.79, the district court granted his transfer motion. At the time the district court transferred Mr. Philbert's Equal Pay Act claim to the Court of Federal Claims, his Title VII claims remained pending before the district court.

The government then moved to dismiss the Equal Pay Act claim pursuant to 28 U.S.C. § 1500, which prevents litigants from suing the United States on the same claim in more than one court. The Court of Federal Claims agreed that § 1500 applied. It reasoned that, for purposes of § 1500, Mr. Philbert's Equal Pay Act claim was the same as his Title VII claim for sex discrimination because those claims share the same operative facts. The Court of Federal Claims therefore held that it lacked subject matter jurisdiction to entertain Mr. Philbert's Equal Pay Act claim, and it dismissed his transferred complaint without prejudice.

Mr. Philbert now appeals. We have jurisdiction to decide his appeal under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* a decision of the Court of Federal Claims dismissing a complaint for lack of subject matter jurisdiction. *LaBatte v. United States*, 899 F.3d 1373, 1378 (Fed. Cir. 2018). In assessing the government's motion to dismiss, we treat all undisputed factual assertions in Mr.

Philbert's complaint as true and draw all reasonable inferences in his favor. *Id.* at 1375.

Mr. Philbert argues that the Court of Federal Claims should not have dismissed his Equal Pay Act claim because it is distinct from his claims pending before the Central District of California. He contends that the operative facts necessary to support his Equal Pay Act claim are materially different than those necessary to support his Title VII claims. The government disagrees. It argues that the Court of Federal Claims correctly concluded that Mr. Philbert's Equal Pay Act and Title VII claims are based on the same operative facts. We agree with the government and the Court of Federal Claims.

While the Little Tucker Act provides district courts jurisdiction to adjudicate claims against the United States for monetary damages worth $10,000 or less, *see* 28 U.S.C. § 1346, the "Big" Tucker Act affords jurisdiction only in the Court of Federal Claims for claims against the United States for monetary damages amounting to more than $10,000, *see* 28 U.S.C. § 1491(a)(1). However, the jurisdiction of the Court of Federal Claims to entertain those claims is limited by 28 U.S.C. § 1500. That statutory provision strips the Court of Federal Claims of jurisdiction over:

> any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. Put simply, the Court of Federal Claims "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011).

We use a two-step inquiry to determine whether § 1500 applies. *Solida v. United States*, 778 F.3d 1351, 1353 (Fed. Cir. 2015). First, there must be "an earlier-filed suit or process pending in another court." *Id.* (quoting *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013)). Second, "the claims asserted in the earlier-filed case [must be] for or in respect to the same claim(s) asserted in the later-filed Court of Federal Claims action." *Id.* (quoting *Brandt*, 710 F.3d at 1374).

The first step is satisfied. We have held that "if a plaintiff files multiple related claims in district court, and the court transfers one of those claims to the Court of Federal Claims, the original claims are 'pending' at the time the transferred claim is considered filed." *Griffin v. United States*, 590 F.3d 1291, 1293 (Fed. Cir. 2009). Therefore, Mr. Philbert's Title VII claims were pending in another court—the Central District of California—at the time his Equal Pay Act claim was transferred to the Court of Federal Claims.

The second step is also satisfied. Two claims are the same for purposes of § 1500 "if they are based on substantially the same operative facts, regardless of the relief sought . . . ." *Solida*, 778 F.3d at 1353. The Equal Pay Act claim Mr. Philbert brought in the Court of Federal Claims relies on substantially the same operative facts as his Title VII claim filed in the Central District of California. With respect to his Equal Pay Act claim, Mr. Philbert alleges that he is being paid less than similarly situated female health technicians despite performing equal work, under similar working conditions, on tasks that require equal skill, effort, and responsibility. Similarly, with respect to at least one of his Title VII claims, Mr. Philbert alleges that the Department is discriminating against him based on his sex by paying him less than similarly situated female health technicians for equal work, under similar working conditions, on tasks that require equal skill, effort, and responsibility. Therefore, the operative facts underlying his

Equal Pay Act and Title VII claims are more than substantially the same. They are identical. In fact, Mr. Philbert recognized as much in his second amended complaint when he asserted that, "as a result of my Equal Pay Act claim[,] I may also have a claim under Title VII." App. 38.

Therefore, § 1500 applies, the Court of Federal Claims lacks jurisdiction over Mr. Philbert's Equal Pay Act claim, and his complaint was correctly dismissed.

None of Mr. Philbert's additional arguments to the contrary is persuasive. He contends that his Equal Pay Act and Title VII claims are different because the Equal Pay Act claim is premised on sex discrimination and his Title VII claim is based on retaliatory misconduct. But that argument ignores the fact that Mr. Philbert had more than one Title VII claim pending before the Central District of California when he transferred his Equal Pay Act claim to the Court of Federal Claims. Although one of his Title VII claims is based on alleged retaliatory action for filing an EEOC complaint, another of his Title VII claims relies on alleged disparate treatment on the basis of sex. Furthermore, Mr. Philbert argues that his Equal Pay Act and Title VII claims are not the same because the relief sought for each is different. But both the Supreme Court and we have held "it is irrelevant whether the relief sought in the two co-pending suits is the same or different . . . ." *Solida*, 778 F.3d at 1353 (citing *Tohono*, 563 U.S. at 317). The Court of Federal Claims thus correctly concluded that § 1500 strips it of jurisdiction to entertain Mr. Philbert's Equal Pay Act claim, which is the only cause of action in his transferred complaint.

## CONCLUSION

For the reasons stated above, we *affirm* the final decision of the Court of Federal Claims dismissing Mr. Philbert's complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500.

**AFFIRMED**

Costs

No costs.