**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6516

JESSE KYLE KEITH,

Plaintiff - Appellant,

v.

J. C. STREEVAL; JOHN DOES,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, Senior District Judge.  (7:23-cv-00040-JPJ-PMS)

Submitted:  January 9, 2024                          Decided:  February 7, 2024

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jesse Kyle Keith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Kyle Keith, a federal prisoner housed in the Special Housing Unit ("SHU") at United States Penitentiary Lee, appeals from the district court's order dismissing his complaint pursuant to 28 U.S.C. § 1915A. Citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Keith's complaint raised claims of unconstitutional prison conditions in the SHU and violation of his procedural due process rights. He sought both damages and injunctive relief. We affirm in part and vacate and remand in part.

We "review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). "To survive a motion to dismiss under that rule, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

We find that the district court properly dismissed Keith's *Bivens* claims for damages. *See Tate v. Harmon,* 54 F.4th 839, 841 (4th Cir. 2022) (finding no *Bivens* cause of action for allegedly unconstitutional conditions of confinement); *Mays v. Smith*, 70 F.4th 198, 203 (4th Cir. 2023) (rejecting Mays' procedural due process claim arising from placement in administrative segregation). However, the district court did not separately consider Keith's claims for injunctive relief, and *Bivens* does not govern claims for injunctive relief. *See Solida v. McKelvey,* 820 F.3d 1090, 1093 (9th Cir. 2016). We find that, liberally construed, Keith's complaint may state a claim for injunctive relief or Keith

2

may be able to do so following amendment. In any event, the district court should consider these claims in the first instance.[*]

Accordingly, we affirm the dismissal of Keith's claims for money damages, vacate the dismissal of his claims for injunctive relief, and remand for further proceedings. We deny Keith's motion for injunctive relief on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] The district court rejected Keith's procedural due process claim as unexhausted and conclusory, rather than on the basis that the claim sought to expand *Bivens*. We find that any claim for damages is not authorized by *Bivens*. Regarding Keith's procedural due process claim, the district court did not address Keith's exhaustion allegations or explain why they were insufficient. To the extent that Keith's claims were conclusory, the district court did not explain why it failed to grant Keith an opportunity to amend. *See Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that, if a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations).